UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **2:22-CR-20673-TGB-EAS** |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | **ORDER REQUIRING** |
| **ISAAC PETTIFORD,** | **RESPONSE FROM THE PARTIES AND DENYING GOVERNMENT'S MOTION FOR AN EVALUATION UNDER 18 U.S.C. § 4246 (ECF NO. 53)** |
| Defendant. | |

Before the Court are Defendant's Motion to Dismiss the Indictment (ECF No. 35) and the Government's Motion for a Psychiatric Evaluation under 18 U.S.C. § 4246(b) (ECF No. 53). Defendant Isaac Pettiford has been held in custody for approximately 35 months on charges of assaulting a federal officer because he has been found on two different occasions by the Court to be incompetent. ECF Nos. 15 & 31.

The Court and the Parties are in receipt of a detailed Forensic Evaluation of Pettiford dated November 12, 2025 by Forensic Psychologist Dianna Schoeller Hamilton. Dr. Hamilton concludes that, despite several months of treatment and medication, Pettiford "remains incompetent and . . . is not restorable." Hamilton Final Report at p. 23.

Although in the above-referenced motions the positions of both parties appear to accept the findings of Dr. Hamilton's report, the parties

have not clearly stated their positions as to whether the Court should conduct an in-person hearing with Pettiford present to make a judicial determination as to whether Pettiford remains incompetent *and is not restorable*, or whether the parties would stipulate to the same. *See* 18 U.S.C. § 4247(d).

Because the Court needs to make such a determination, the Court will order each party to file a **Statement of Position**, no later than 7 days from the date of this Order, stating whether (a) the party wishes to waive any right to an in-person competency hearing in which the Court will make a determination as to whether Pettiford remains incompetent and is not restorable and instead to stipulate to the results of the Final Report of Dr. Hamilton dated November 12, 2025, **or** (b) whether the party requests the Court to conduct such an in-person hearing. If the parties decide to stipulate to the Final Report of Dr. Hamilton and waive their right to a hearing, the Court will issue an order accepting the findings of that Report and will then address the Defendant's Motion to Dismiss the Indictment. If either party requests such a hearing on competency and restorability, the Court will order Pettiford to be transported to this District as soon as possible so that such a hearing may be held as soon as possible.

As to the Government's Motion for a Psychiatric Evaluation under 18 U.S.C. § 4246(b), the Court is unable to grant that motion because such an evaluation may only be ordered "[i]f the director of the facility

[where Pettiford is hospitalized] certifies [that he] is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available." 18 U.S.C. § 4246(a). The government has not shown that such a certification has been made.

Most cases, including binding Sixth Circuit precedent, make it clear that such a certification from the director of the facility where the defendant is hospitalized is a statutory prerequisite to using the procedures laid out in § 4246—which include the evaluation of dangerousness requested by the government and opposed by defense counsel. "By placing the initial burden on the director of the facility to make the necessary determinations," further proceedings under § 4246 "may not be necessary if an appropriate state facility will accept the individual or if it is believed that the individual does not pose a danger to the community." *United States v. Baker*, 807 F.2d 1315, 1324 (6th Cir. 1986).

Furthermore, the purpose of the psychiatric or psychological examination that the court "may" (not must) order pursuant to § 4246(b) is "[t]o aid the court in making th[e dangerousness] determination" at a hearing conducted under §§ 4246(c) and (d). *United States v. Wheeler*, 744 F. Supp. 633, 637 (E.D. Pa. July 27, 1990). The evaluation is not for

3

the purpose of aiding the director of the facility in determining whether to file the certificate. And under the terms of the statute, the certificate is what triggers a § 4246 hearing—which is to be held in the district of *confinement*, not in this District. *See Baker*, 807 F.2d at 1324 ("[A § 4246(a)] certificate must be filed in, and a section 4246 hearing must be held in, the district in which the individual is confined, not the district in which he had initially been charged with an offense."); *United States v. Bonin*, 541 F.3d 399, 401 (5th Cir. 2008) ("Section 4246(a) establishes the director's certification as a necessary prerequisite to a dangerousness hearing; without the certification, a court ordinarily lacks statutory authority to conduct the hearing.").

Based on the foregoing, the Government's Motion for an Evaluation under 18 U.S.C. § 4246(b) must be, and is hereby, **DENIED**.

The next step then is for the Court to decide whether to hold a hearing to address competency and non-restorability. In making this decision, the Court would benefit from a clear statement of each of the parties as to their respective position.

Accordingly, **IT IS HEREBY ORDERED** that, no later than 7 days from the date of this Order, each party shall file a **Statement of Position** indicating whether (a) the party wishes to waive any right to an in-person competency hearing in which the Court will make a determination as to whether Pettiford remains incompetent and is not restorable and instead to stipulate to the results of the Final Report of

4

Dr. Hamilton dated November 12, 2025, **or** (b) whether the party requests the Court to conduct such an in-person hearing.

**SO ORDERED**.

Dated: February 19, 2026          /s/Terrence G. Berg
                                  TERRENCE G. BERG
                                  UNITED STATES DISTRICT JUDGE